Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
Alec P. Schulman (Bar No. 336491)
aschulman@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:   (949) 258-5081

*Attorneys for Plaintiff,*
Michael Grecco Productions, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AINTITCOOL.COM, business entity unknown; HARRY KNOWLES, an individual; DANNIE KNOWLES, an individual; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 2:23-CV-5365<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

Michael Grecco Productions, Inc. ("Grecco"), by and through its attorneys of record, complains against Aintitcool.com ("Aintitcool"), Harry Knowles, and Dannie Knowles (collectively "Defendants"), and DOES 1-10, inclusive, as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et seq.

2. This Court has subject matter jurisdiction over this copyright infringement action under 28 U.S.C. §§ 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and (c) in that the claim arises in this Judicial District, the Defendants transact business in this Judicial District, and the injury suffered by Grecco took place in this Judicial District.  Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

4. Plaintiff Grecco is a photography studio and business owned and operated by photographer Michael Grecco and registered with the State of California on or around January 1, 1998.  Grecco is the successor by corporate name change from Michael Grecco Photography, Inc. to Michael Grecco Productions, Inc. on January 26, 2012.  Grecco is a California corporation with its principal place of business at 3103 17th Street, Santa Monica, California 90405.

5. Grecco is informed and believes and, upon such, alleges that Defendant Aintitcool.com, business entity unknown, is an entertainment news website operated within the Western Judicial District of Texas.

6. Grecco is informed and believes and, upon such, alleges that Defendant Harry Knowles, is an individual residing in Austin, Texas.

7. Grecco is informed and believes and, upon such, alleges that Defendant

1  Dannie Knowles is an individual residing in Austin, Texas.

2      8.    DOES 1 through 10, inclusive, are unknown to Grecco, who therefore sues said Defendants by such fictitious names. Grecco will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Grecco is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" are legally responsible in some manner for the events and happenings herein alleged, and that Grecco's damages as alleged herein were proximately caused by such Defendants.

## STATEMENT OF FACTS

*Plaintiff's Business and the Photographs Forming the*

*Subject Matter of This Dispute*

    9.    As part of its business as a prominent celebrity photography agency, Grecco is hired by a multitude of top-tier media outlets, including certain Hollywood studios, to take photographs of celebrities. Michael Grecco has been asked to create and photograph iconic cover and portrait shots of legendary musicians, actors, directors, technologists, Olympians, fashion models, comedians, athletes and automobiles—such as Johnny Cash, Steven Spielberg, Will Smith, Joaquin Phoenix, Penelope Cruz, Olympian Janet Evans, Martin Scorsese, Steve Martin, Chris Rock, the SnapChat Founders, and Porsche's legendary 911 sports automobile. Michael Grecco has photographed for some of the most significant publications and magazines in the world, from Vanity Fair to Rolling Stone to ESPN Magazine to People and Forbes and Esquire to name a few, as well as for iconic brands to advertise their products, such as his iconic Porsche photographs. Grecco then licenses its photographs on an exclusive and non-exclusive basis to top-tier media outlets. Grecco has licensed individual images of celebrities for thousands of dollars to major top-tier outlets.

    10.    Grecco has created many stylized and valuable photographs of celebrities. Among them is a photograph of Kate Winslet (the "Photo") published in

Michael Grecco's book *Lighting and the Dramatic Portrait*. The book includes "[s]ections on cameras, illumination, film and digital, creativity and conceptualization, connecting with the subject, and having a point of view, plus intriguing case studies that show 'how [Michael Grecco] got that picture,' [that] make this book a resource photographers [] use again and again through the years." A true and correct copy of the Photo is attached hereto as Exhibit A.

11.   In the marketplace, celebrity photos, such as the Photo, carry tremendous monetary value.  Grecco licenses these images to various third parties to create highly sought-after feature spreads, among other things, on television, print, and online. The Photo has been licensed to media outlets for many thousands of dollars.

12.   Grecco has timely obtained the copyright registration for the Photo with the United States Copyright Office.  The Photo was registered with the copyright office on November 30, 2011, six years before Defendants' copyright infringement on October 4, 2017.  *See* VA 1-823-255. A true and correct copy of the Copyright Registration Certificate is attached hereto as Exhibit B.

*The Defendants and the Marketplace*

13.   Aintitcool is an entertainment news website founded by Harry Knowles and run by his sister Dannie Knowles since September 2017, dedicated to news, rumors, and reviews of upcoming and current Hollywood films, television, and comic book projects.

14.   On information and belief, Aintitcool makes revenue through selling advertising space to third parties.  On information and belief, most pages on Aintitcool's website bear at least two advertisements, from which Defendants profit.

15.   On information and belief, Defendant Harry Knowles is the founder of Aintitcool and at the time of the original infringement owned, managed, and operated Aintitcool. While Harry Knowles is no longer actively managing or operating Aintitcool.com, his contact information is listed on the contact us page of

COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

the Ainticool website at the URL https://www.aintitcool.com/contact/.

16. On information and belief, Defendant Dannie Knowles currently manages and operates Aintitcool and was transitioning to become the operator and manager of Aintitcool at the time of the infringement.

17. Defendants understand the immense value of intellectual property protections. As the purveyors of film, television, comic book and celebrity news, Defendants are keenly aware of the worth of intellectual property as a valuable commodity. Further, as the owner of various copyrights and trademarks, Defendants actively police and vigorously protect their own intellectual property rights from infringement, as demonstrated by the '©' copyright notice featured at the bottom of the Aintitcool website.

18. Still, despite their awareness of the importance of intellectual property rights, their potential to incur liability for the infringement of the same, and Aintitcool's sophisticated operators, on October 4, 2017, Defendants infringed Grecco's copyright to the Photo when Defendant Dannie Knowles AKA "Pekosa Peligrosa" posted the photo to an article on Aintitcool.com titled "*Kate Winslet Joins the Cast of AVATAR 2*". A True and correct copy of the infringement is attached hereto as Exhibit C which demonstrates that the Photo was reproduced, distributed and publicly displayed by Defendants. The time stamp, affixed to Exhibit C demonstrates that Grecco discovered this infringement on May 20, 2022.

19. On June 1, 2022, Grecco sent Defendants a Cease-and-Desist letter ("Cease-and-Desist") demanding Defendants remove the Photo from the Aintitcool website and address the damages of their infringement of the same. A true and correct copy of the Cease-and-Desist is attached as Exhibit D.

20. As of June 29, 2023, Defendants have failed to respond or remove the Photo from the Aintitcool site despite Defendants' receipt of Grecco's Cease-and-Desist. A true and correct copy of a screenshot taken on June 29, 2023 of the infringement is attached hereto as Exhibit E.

21. Plaintiff is informed and believes that Defendants have violated federal law by infringing Grecco's copyright to at least the Photo identified in Exhibit A. Specifically, Defendants reproduced, distributed and publicly displayed the Photo, and/or derivatives thereof without permission, consent, or license.

22. Grecco has never sold or licensed the Photo to Defendants.

23. Plaintiff is informed and believes that Defendants have driven significant traffic to Aintitcool in part due to the presence of the sought after and searched for celebrity photograph that frames this dispute. As mentioned above, all this traffic translates into substantial ill-gotten commercial advantage and revenue generation for Defendants as a consequence of their infringing actions.

## FIRST CLAIM FOR RELIEF

**(Copyright Infringement, 17 U.S.C. § 501, Against All Defendants)**

24. Plaintiff Grecco incorporates herein by reference the allegations in paragraphs 1 through 23 above.

25. Grecco is the rightsholder to the copyright of the Photo, which substantially consists of wholly original material that constitutes copyrightable subject matter under the laws of the United States. Grecco has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. The Photo has been timely registered with the United States Copyright Office. *See* VA 1-823-255.

26. Defendants have directly, vicariously, and/or contributorily infringed, and unless enjoined, will continue to infringe Grecco's copyright by reproducing, displaying, distributing, and utilizing the Photo for purposes of trade without authorization of or payment to Grecco in violation of 17 U.S.C. § 501 et seq.

27. Defendants have willfully infringed, and unless enjoined, will continue to infringe Grecco's copyrights by knowingly reproducing, displaying, distributing, and utilizing the Photo for the purposes of trade.

28. Grecco is informed and believes that Defendants' acts of infringement

are willful because, inter alia, the Defendants are a sophisticated entertainment/celebrity news business and individuals with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation as well as their continued use of the Photo despite receiving the Cease-and-Desist from Grecco wherein they received knowledge of the infringement over a year prior to the filing of this Complaint and have failed to remove the Photo from their site.

29. Grecco is informed and believes that Defendants, despite such knowledge, willfully reproduced and distributed the Photo, without any right to do so.

30. Defendants have received substantial benefits in connection with the unauthorized reproduction, distribution, and utilization of the Photo for purposes of trade, including by increasing the traffic to their websites and use of their services.

31. Defendants' unauthorized actions were performed without Grecco's permission, license, or consent.

32. Defendants' wrongful acts have caused, and are causing, great injury to Grecco, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Grecco will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Grecco seeks a declaration that Defendants are infringing Grecco's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Grecco's copyrights.

33. As a result of Defendants' wrongful acts alleged herein, Grecco has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

34. Because of the willful nature of Defendants' copyright infringement, Grecco is entitled to an award of statutory damages of up to $150,000 per

copyrighted work.

35. Grecco has identified at least one copyrighted work infringed by Defendants, which occurred by way of reproduction, public distribution, and public display of the Photo on the Defendants' website. As such, Grecco is entitled to an award of $150,000 in statutory damages.

36. Alternatively, at its discretion, Grecco is entitled to actual damages in an amount to be proven at trial for the infringement of the Photo.

37. Grecco is also entitled to its attorney's fees and costs in prosecuting this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Grecco requests judgment against Defendants as follows:

A. The Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all person in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Grecco's rights in the Photo at issue.

B. Defendants be held liable to Grecco in statutory damages for copyright infringement in accordance with 17 U.S.C. §§ 504 (a)(2) and (c) and for costs, interest, and reasonable attorney's fees pursuant to 17 U.S.C. § 505.

C. An accounting be made for all profits, income, receipts, or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised that improperly or unlawfully infringes upon Grecco's copyright pursuant to 17 U.S.C. § 504 (a)(1) and (b).

     D.    Requiring Defendants to account for and pay over to Grecco all profits derived by Defendants from their acts of copyright infringement and to reimburse Grecco for all damages suffered by Grecco by reasons of Defendants' acts, pursuant to 17 U.S.C. §§ 504 (a)(1) and (b).

     E.    Actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) and (b).

     F.    That Grecco be awarded any such other and further relief as the Court may deem just and appropriate.

Dated:  July 5, 2023　　　　　　　　　　**ONE LLP**

By: */s/ Peter R. Afrasiabi*
　　Peter R. Afrasiabi
　　Alec P. Schulman

*Attorneys for Plaintiff,*
Michael Grecco Productions, Inc.